OPINION
On February 23, 2000, the Stark County Grand Jury indicted appellant, Anthony L. Conley, on two counts of possession of cocaine in violation of R.C. 2925.11(A). A jury trial commenced on May 15, 2000. The jury found appellant guilty as charged. By judgment entry filed May 23, 2000, the trial court sentenced appellant to a total term of thirty months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN ALLOWING THE STATE OF OHIO TO ELICIT FROM A WITNESS THAT APPELLANT WAS ON PAROLE THEREBY DEPRIVING APPELLANT OF A FAIR TRIAL.
 II THE TRIAL COURT ERRED WHEN IT EMPANELED AN ANONYMOUS JURY IN THE ABSENCE OF ANY EVIDENCE OR FINDINGS THAT AN ANONYMOUS JURY WAS NECESSARY IN THIS CASE, THEREBY COMMITTING STRUCTURAL ERROR IN VIOLATION OF APPELLANTS DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION, INCLUDING HIS RIGHT TO A FAIR TRIAL AND IMPARTIAL JURY.
 III THE TRIAL COURT ERRED IN ALLOWING EVIDENCE CONCERNING TRAFFICKING THEREBY DEPRIVING APPELLANT OF A FAIR TRIAL.
 IV THE TRIAL COURT ERRED IN NOT GIVING AND/OR REPEATING ALL RELEVANT JURY INSTRUCTIONS AT THE CONCLUSION OF COUNSELS ARGUMENTS.
 V THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE IN VIOLATION OF OHIO REVISED CODE SECTION 2919.14.
 I, III Appellant claims the trial court erred in the admission of evidence as to the fact he was on parole and as to items found during the search of his residence. We disagree. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 402; Evid.R. 403. On February 10, 2000, appellant visited his parole officer, Michael Beebe. Suppression Hearing T. at 9. During the meeting, appellant tested positive for the use of cocaine. Id. As a result, appellant's residence was searched and charges were filed. During trial, Mr. Beebe did not testify to appellant's parole status or that he tested positive for cocaine. Mr. Beebe explained he was employed by the State of Ohio Adult Parole Authority. T. at 109. Mr. Beebe testified to the following regarding his contact with appellant: Q. On February the 10th at approximately 3:30 p.m., did you have occasion to come in contact with the Defendant?
A. Yes, ma'am.
 Q. And is the person that you had contact with that day present in the courtroom today?
A. Yes, ma'am.
***
 Q. As a result of conversation during this meeting that you had with the Defendant, what happened? What did you do next?
 A. We took Mr. Conley to his place of residence, at which time a search of the residence was conducted.
T. at 109-110.
The issue of Mr. Beebe's employment was argued to the trial court prior to Mr. Beebe testifying. T. at 4-5, 100. The trial court determined that Mr. Beebe could state his employment and whether or not he had a "regularly scheduled meeting" with appellant, but could not testify as to appellant's prior conviction unless appellant took the stand. Id. Although the employment of a witness is not particularly relevant, it was hardly unduly prejudicial to appellant in the case sub judice. We find no error in the trial court's determination. Appellant also argues the trial court erred in permitting testimony regarding drug related items found in his bedroom (a digital scale and sandwich baggies). Andy Turowski, a Stark County Metro Narcotics Officer, opined the items were "commonly used for people who traffic narcotics." T. at 138-139. Appellant objected and the trial court sustained the objection as it related to "trafficking," but permitted the rest of the testimony to stand. T. at 139. Appellant argues the complained of testimony had no relevancy to the counts in the indictment, possession of cocaine, and cast a prejudicial light on appellant. We disagree. From the entire reading of the officer's testimony, it is clear he was explaining "the how and the why" of the search of appellant's bedroom. We find no undue prejudice from the testimony. It was made very clear to the jury via opening statements, closing arguments and jury charge that the crimes alleged were possession of cocaine and not trafficking in cocaine. T. at 108, 219, 234. Assignments of Error I and III are denied.
 II
Appellant claims the trial court erred in empaneling an anonymous jury. We disagree. In support of his argument, appellant cites the case of State v. Hill (2000), 136 Ohio App.3d 636, wherein this court held the use of the anonymous jury system constituted structural error. In Hill, the record clearly demonstrated that no one in the courtroom knew the names or addresses of the jurors. The trial court had adopted a local rule to that effect. The jury verdict had the names whited-out. In the case sub judice, the record does not establish that the jury was anonymous. The only indication is that the trial court required the jurors to be referred to by number only. The names on the verdict form filed June 16, 2000 are not whited-out. Upon review, we find the record does not demonstrate that there was an anonymous jury. Assignment of Error II is denied.
 IV
Appellant claims the trial court erred in not giving or repeating the jury instructions at the conclusion of the closing arguments. We disagree. The trial court instructed the jury on all the elements of the offense and the necessary requirements of beyond a reasonable doubt, credibility and evidence prior to closing arguments. No one objected to this method before or after the instructions. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. Crim.R. 30(A) provides that a trial court "may give some or all of its instructions to the jury prior to counsel's arguments." Upon review, we find no error in the procedures employed. Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in giving him the maximum sentence in violation of R.C. 2919.14(E)(3). We disagree. At the outset, we note R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows: The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
(b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
***
(d) That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. R.C. 2929.14 governs prison terms. Subsection (C) states the following: Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Appellant was found guilty of two counts of possessing crack cocaine, one a felony of the fourth degree and the other a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(4) and (5), felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months" and felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry filed May 23, 2000, the trial court sentenced appellant to eighteen months and twelve months, respectively, and ordered them to be served consecutively. First we will address the individual sentences. In sentencing appellant to more than the shortest prison term on each count, the trial court found that "the shortest sentence would demean the seriousness of the offense and it would not adequately protect the public from future crimes by yourself." T. at 255. We note appellant waived a sentencing hearing and a presentence investigation. T. at 251. The record establishes that appellant had four prior drug convictions and was on parole at the time of committing the offenses sub judice. T. at 252; Suppression Hearing T. at 8-9. Appellant offered nothing in the way of mitigation. Upon review, we cannot find clear and convincing evidence that the record does not support the individual sentences or that the sentences are otherwise contrary to law. Now we will turn our attention to the issue of consecutive sentences. R.C. 2929.14(E)(4) states as follows: If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In sentencing appellant to consecutive sentences, the trial court stated the following: ***I would further find under 2929.14(E)(4)(a) that you committed these acts while on post-release controls or parole. Under 2929.14(E)(4)(b) that no single term would adequately reflect the seriousness of your conduct and certainly under 2929.14(E)(4)(c) that your prior record demonstrates consecutive terms are necessary to impose.
T. at 256.
Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law. Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Wise, J. concur.